445 S.E.2d 503

**STATE of West Virginia ex rel. Ethel G. ERICKSON, Petitioner,**

v.

**Honorable George HILL, Judge of the Circuit Court of Wood County, and Charles F. Erickson, Executor of the Estate of Charlie O. Erickson, Respondents.**

**No. 22197.**

Supreme Court of Appeals of West Virginia.

Submitted May 3, 1994.

Decided May 26, 1994.

---

James M. Cagle, Charleston, for petitioner.

Richard A. Hayhurst, Parkersburg, for Charles F. Erickson, Executor of Charlie O. Erickson.

NEELY, Justice:

Ethel G. Erickson seeks to vacate the 25 March 1994 order, entered by George Hill, Judge of the Circuit Court requiring Ms. Erickson, in response to a *subpoena duces tecum*, to create lists of: (1) her current assets having a value in excess of fifty dollars ($50.00); (2) the assets she owned in 1984 having a similar value; and (3) the assets she disposed of after 1982. Although Ms. Erickson and Charlie O. Erickson[1] were divorced in 1985 after 51 years of marriage, the discovery request is part of the still incomplete distribution of their marital estate. Ms. Erickson alleges that a *subpoena duces tecum* cannot be used to compel her to create such lists and that the discovery is oppressive and unduly burdensome, particularly in light of her other financial disclosures. Mr. Erickson, as executor, alleges that a *subpoena duces tecum* can require the creation of such asset lists and that the discovery is not unduly burdensome given Mrs. Erickson's re-

sources. Because we find that under the circumstances of this case the discovery is oppressive and unduly burdensome, this Court grants a writ of prohibition, as moulded.

After 51 years of marriage, the Ericksons were divorced in 1985. During their marriage, the Ericksons acquired substantial wealth in part from their ownership of the Parkersburg area cable television business, whose stock was sold to a national company in 1982 for approximately $23 million. The equitable distribution of the Ericksons' marital estate has a long and involved history with each party alleging that the other has impeded the equitable distribution process.

The present discovery controversy arose on 11 February 1994 when Mr. Erickson served a *subpoena duces tecum* on his mother requiring her to produce the following at a deposition on 25 March 1994[2]: (1) a list of her current assets having a value in excess of fifty dollars ($50.00), identifying the asset as marital or non-marital property, the asset's acquisition date, acquisition cost, source of funds and current market value; (2) a list of her assets as of 21 June 1984 providing the same information for each 1984 asset as for her current assets; (3) all her financial statements prepared after January 1, 1982; (4) all her personal income tax returns from 1982 through 1993; and, (5) a list of all property she disposed of after 1982, noting the disposition date, to whom the disposition was made and the consideration. At the deposition, Mrs. Erickson produced the following: (1) a disclosure of assets and liabilities for her former husband as of June 1984; (2) a disclosure of her assets and liabilities for 1982; (3) her federal income tax returns for 1982 through 1992[3]; and (4) a financial statement dated 1988. Mrs. Erickson maintains that the documents she produced are the only documents in her possession subject to the subpoena.

On 25 March 1994, Mr. Erickson's lawyer obtained a court order requiring Mrs. Erick-

---

1. Mr. Erickson died in 1993 and their son, Charles F. Erickson as his father's executor, is a respondent.

2. Although originally scheduled for 19 February 1994, the deposition was not held until 25 March

1994. Even before the deposition was held various objections and motions were filed.

3. Mrs. Erickson's 1993 tax return was incomplete at the time of the deposition.

son to list her current assets, her 1984 assets and her disposed of assets. *See supra* items 1, 2 and 5 for an outline of required information. Maintaining the discovery request was "unduly burdensome and oppressive on its face" and objecting to use of a subpoena to discover the information, Mrs. Erickson petitioned this Court to issue a writ of prohibition to vacate the circuit court's order.

## I

[redacted] Recently, we stated in Syl. Pt. 1, *State Farm Mut. Auto. Ins. Co. v. Stephens*, 188 W.Va. 622, 425 S.E.2d 577 (1992):

> A writ of prohibition is available to correct a clear legal error resulting from a trial court's substantial abuse of its discretion in regard to discovery orders.

In accord, Syl. Pt. 3, *State ex rel. McCormick v. Zakaib*, 189 W.Va. 258, 430 S.E.2d 316 (1993). Such use of a writ of prohibition is based on Syl. Pt. 1, *Hinkle v. Black*, 164 W.Va. 112, 262 S.E.2d 744 (1979).[4] *See also*, Syl. Pt. 1, *State ex rel. Allstate Ins. Co. v. Karl*, 190 W.Va. 176, 437 S.E.2d 749 (1993); *Nutter v. Maynard*, 183 W.Va. 247, 395 S.E.2d 491 (1990); *Michael v. Henry*, 177 W.Va. 494, 354 S.E.2d 590 (1987).

Rule 26 of the *W.Va. Rules of Civil Procedure* [1988][5] allows parties to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action."[6] However, Rule 26 also specifies that discovery may be limited when it is "unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitation on the parties' resources, and the importance of the issues at stake in the litigation." *W.Va.R.Civ.P.*, Rule 26(b)(1)(iii) [1988].

Chapter 48 of the *W.Va.Code*, which deals with domestic relations, is instructive. *W.Va.Code* 48-2-32(d) [1984] requires the court to: (1) "[d]etermine the net value of all marital property of the parties" (*W.Va.Code* 48-2-32(d)(1) [1984]); (2) designate which property constitutes marital or non-marital property (*W.Va.Code* 48-2-32(d)(2) and (3) [1984]); and (3) order various transfers, sales, payments and other devices that are necessary "to achieve an equitable distribution of the marital property." *W.Va.Code* 48-2-32(d)(7) [1984]. Based on *W.Va.Code* 48-2-32 [1984], we find that in this case asset information is relevant to the disputed equitable distribution issues. *See also* Rule 11(a), *Rules of Practice and Procedure for Family Law* [1993] requiring the disclosure of assets and liabilities.[7]

4. Syl. Pt. 1, *Hinkle supra*, states:

> In determining whether to grant a rule to show cause in prohibition when a court is not acting in excess of its jurisdiction, this Court will look to the adequacy of other available remedies such as appeal and to the over-all economy of effort and money among litigants, lawyers and courts; however, this Court will use prohibition in this discretionary way to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance.

5. We note that Rule 81(a)(2) [1988] of the *W.Va. R.Civ.Pro.* states, in pertinent part: "Rules 26 through 37 may not be used in actions for divorce ... for the purpose of discovery except by order of the court in the action and only to the extent provided by the order." In this case, the circuit court ordered compliance with the subpoena. The record fails to disclose if a local order regulated disclosure or if a general discovery order had been entered in this case.

6. Rule 26(b) of the *W.Va.R.Civ.P.* [1988] provides, in pertinent part:

> *Discovery scope and limits.* Unless otherwise limited by order of the Court in accordance with these rules, the scope of discovery is as follows:
>
> (1) In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action....

7. Rule 11, *Rules of Practice and Procedure for Family Law* [1993] states, in pertinent part:

> Discovery. Notwithstanding the limitations contained in Rule 81(a)(2) of the West Virginia Rules of Civil Procedure, the following discovery is available:
>
> (a) *Disclosure of Assets and Liabilities.* In a proceeding for divorce, each party shall provide the information required to be disclosed by chapter 48, article 2, section 33 of the Code of West Virginia. The information shall be served on the opposing party and filed with the clerk of the circuit court within forty (40) days after service of process. If a final hearing is held within the forty-day period, the information shall be served and filed no less than five (5) days prior to the hearing.

We note that a disclosure of all the parties' assets is required by *W.Va.Code* 48–2–33 [1993]. *W.Va.Code* 48–2–33 [1993] states, in pertinent part:

(a) In all divorce actions and in any other action involving child support, all parties shall fully disclose their assets and liabilities within forty days after the service of summons or at such earlier time as ordered by the court. The information contained on these forms shall be updated on the record to the date of the hearing.

(b) The disclosure required by this section may be made by each party individually or by the parties jointly. Assets required to be disclosed shall include, but shall not be limited to, real property, savings accounts, stocks and bonds, mortgages and notes, life insurance, health insurance coverage, interest in a partnership or corporation, tangible personal property, income from employment, future interests whether vested or nonvested and any other financial interest or source.

(c) The supreme court of appeals shall make available to the circuit courts a standard form for the disclosure of assets and liabilities required by this section. The clerk of the circuit court shall make these forms available to all parties in any divorce action or action involving child support. All disclosure required by this section shall be on a form that substantially complies with the form promulgated by the supreme court of appeals. The form used shall contain a statement in conspicuous print that complete disclosure of assets and liabilities is required by law and deliberate failure to provide complete disclosure as ordered by the court constitutes false swearing.

(d) Nothing contained in this section shall be construed to prohibit the court from ordering discovery pursuant to rule eighty-one of the rules of civil procedure. Additionally, the court may on its own initiative and shall at the request of either party require the parties to furnish copies of all state and federal income tax returns filed by them for the past two years and may require copies of such returns for prior years.

(e) Information disclosed under this section shall be confidential and may not be made available to any person for any purpose other than the adjudication, appeal, modification or enforcement of judgment of an action affecting the family of the disclosing parties. The court shall include in any order compelling disclosure of assets such provisions as the court considers necessary to preserve the confidentiality of the information ordered disclosed.

*W.Va.Code* 48–2–33(f)(2) [1993] provides that failure to disclose "any asset or assets with a fair market value of five hundred dollars or more" can result in "the creation of a constructive trust as to all undisclosed assets, for the benefit of the parties...." *W.Va. Code* 48–2–33(f)(3) [1993] provides that "[a]ny assets with a fair market value of five hundred dollars or more" that would have been part of the marital estate but which were somehow dissipated "within five years prior to the filing of the [divorce] petition ... shall be presumed to be part of the [marital] estate and shall be subject to the disclosure requirement contained in this section."

■ To meet the disclosure requirements of *W.Va.Code* 48–2–33 [1993], this Court, by order dated 18 February 1994, effective 1 March 1994, requires the parties in a divorce or child support case to disclose their assets and liabilities, as required by Rule 11(a) of the *Rules of Practice and Procedure for Family Law* [1993], on standard forms promulgated by this Court "or on a form that substantially complies with the form promulgated by the supreme court of appeals." *W.Va.Code* 48–2–33(c) [1993]. The first part of the standard disclosure form on property and debts requires the following information on all property owned by the parties as of the filing date of the petition: (1) owner names; (2) cost/value as of (a) date obtained and (b) filing date; (3) explanation of value determination; (4) source of funds; (5) debt information; and (6) current net value. The second part requires information on property with a value in excess of five hundred dollars ($500) conveyed to others within five years of the filing date or length of marriage, whichever is longer. Parts three and four require information concerning the party's debts.

Finally, the party must verify that the report's information is true and accurate.[8]

■ In this case, Mrs. Erickson argues that the discovery order is improper because the asset lists are sought through a *subpoena duces tecum* and because the discovery is oppressive and unduly burdensome. Mrs. Erickson maintains that under the *W.Va. R.Civ.P.* a subpoena requires only the production of existing documents in a person's possession and cannot require a person to create documents. Mr. Erickson alleges that because the disclosure of assets is required by *W.Va.Code* 48-2-33 [1993], a subpoena can require the production of an asset disclosure. Although a *subpoena duces tecum* usually requires the production of an existing document, because *W.Va.Code* 48-2-33(a) [1993] states that "all parties shall fully disclose their assets and liabilities within forty days after the service of summons or at such earlier time as ordered by the court" and *W.Va.Code* 48-2-33(c) [1993] states that "[a]ll disclosure required by this section shall be on a form that substantially complies with the form promulgated by the supreme court of appeals," we find a *subpoena duces tecum* can be used to discover the statutorily required asset disclosure form.[9]

■ Mrs. Erickson next argues that the discovery is oppressive and unduly burdensome in light of the needs of the case, the amount in controversy, the extent of her previous disclosures and importance of the issues at stake. In Syl. Pt. 2, *State Farm v. Stephens, supra*, we stated:

> Under Rule 26(b)(1)(iii) of the West Virginia Rules of Civil Procedure, a trial court may limit discovery if it finds that the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limita-

tions on the parties' resources, and the importance of the issues at stake in the litigation.

*See also Truman v. Farmers & Merchants Bank*, 180 W.Va. 133, 375 S.E.2d 765 (1988) (finding summary judgment premature because the trial court failed to rule on the plaintiff's discovery requests, which this Court determined not to be unduly burdensome).

In Syl. Pt. 3, *State Farm v. Stephens, supra*, we outlined how a circuit court is to proceed when a claim is made that a discovery request is oppressive and unduly burdensome.

> Where a claim is made that a discovery request is unduly burdensome under Rule 26(b)(1)(iii) of the West Virginia Rules of Civil Procedure, the trial court should consider several factors. First, a court should weigh the requesting party's need to obtain the information against the burden that producing the information places on the opposing party. This requires an analysis of the issues in the case, the amount in controversy, and the resources of the parties. Secondly, the opposing party has the obligation to show why the discovery is burdensome unless, in light of the issues, the discovery request is oppressive on its face. Finally, the court must consider the relevancy and materiality of the information sought.

■ This divorce case's procedural posture is unique because of the excessive delay in resolving the equitable distribution issues. Generally the disclosure procedure in a divorce or child support case is as follows: (1) both parties should provide the assets, liability and other relevant information required under Rule 11 of the *Rules of Practice and Procedure for Family Law* [1993] on the

---

8. For additional information, *see* the Statement of Property and Debts, Form SCA–DR 101 [1994], that is promulgated by this Court.

9. Given the *Code's* asset disclosure requirement in divorce proceedings, we decline to address the broader question concerning the scope of a *subpoena duces tecum* under the *W.Va.R.Civ.P. See supra* note 5. However, we note in passing that according to *Black's Law Dictionary* 1426 (6th ed. 1990) a *subpoena duces tecum* is a "court process, initiated by party in litigation, compel-

ling production of certain specific documents and other items, material and relevant to facts in issue in a pending judicial proceeding, which documents and items are in custody and control of person or body served with process." [Citations omitted]. *See also* Rule 45 of the *W.Va. R.Civ.P.* Thus technically a *subpoena duces tecum* is available only to compel the production of existing documents and cannot compel the creation of new documents.

standard forms promulgated by this Court, which have been provided to the Clerk of every circuit court (*see* Rule 11, *supra* note 7 for time limitations); and (2) if the disclosure is deemed insufficient, the party seeking additional disclosure/discovery, must move the family law master for a discovery order under Rule 81(a)(2) of the *W.Va.R.Civ.P.* [1988] (*see supra* note 5).

In this case, the circuit court heard Mrs. Erickson's objections to creating three separate lists detailing all assets with a value in excess of fifty dollars ($50.00) that she currently owns, owned in 1984 and disposed of after 1982. Because no transcript of that hearing was filed with this Court, we have only the circuit court's 25 March 1994 order to reflect what occurred at the hearing. Although Mrs. Erickson is required by *W.Va. Code* 48–2–33 [1992] to complete the standard disclosure form, we find nothing in the record submitted with the petition or response to justify requiring Mrs. Erickson to disclose any information in addition to that required in the standard form. Given the size of the marital estate, the extent of the financial information disclosed and the burden of producing such detailed lists, we find the circuit court's discovery order is oppressive and burdensome on its face.

■ Although Mrs. Erickson is not required to compile the requested lists, Mrs. Erickson is required by *W.Va. Code* 48–2–33 [1993] to disclose her assets and liabilities and must complete the standard form promulgated by this Court in its February 18, 1994 administrative order. Given the extent of the marital estate and Mrs. Erickson's demonstration that a disclosure of all her assets having a value in excess of $50.00 is oppressive and unduly burdensome, we find that Mrs. Erickson should be required to disclose only those assets having at least a value of five hundred dollars ($500).[10]

For the above stated reasons, we find that the Circuit Court of Wood County abused its discretion in ordering Mrs. Erickson to cre-

ate lists of three separate assets and we grant a writ of prohibition, as moulded.

Writ granted as moulded.

---

**10.** Mrs. Erickson is not relieved of the disclosure limitations and requirements set forth in *W.Va.* *Code* 48–2–33(f) [1993]. *See supra* at p. 507.