475 S.E.2d 79 (1996)
197 W.Va. 79
STATE of West Virginia ex rel. WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES, CHILD SUPPORT DIVISION, on Behalf of LAURA F.M. and Joseph Charles C., Plaintiff Below, Petitioner,
v.
Honorable Danny O. CLINE, Judge of The Circuit Court of Braxton County, and Mark Edward C., Defendants Below, Respondents.
No. 23411.
Supreme Court of Appeals of West Virginia.
Submitted June 25, 1996.
Decided July 8, 1996.
*80 Ilene S. Schnall, Deputy In-House Counsel, West Virginia Department of Health and Human Resources, Child Support Enforcement Division, Charleston, for Petitioner.
Bernard R. Mauser, Sutton, for Respondent, Mark Edward C.
WORKMAN, Justice:
This case is before the Court upon the petition of the West Virginia Department of Health and Human Resources, Child Support Enforcement Division ("CSED" or "Petitioner"), seeking to prohibit a paternity test ordered on January 23, 1996, by the Respondent, the Honorable Danny O. Cline, Judge of the Circuit Court of Braxton County, West Virginia. The Petitioner contends that the circuit court erred in concluding that the subject child, mother and putative father should undergo a blood test when the putative father had previously signed an affidavit establishing his paternity at the time of the child's birth as provided for in West Virginia Code § 48A-6-6 (1990).[1] Having reviewed the record, the petition[2] and all other matters submitted to this Court, we grant the writ of prohibition finding that the circuit court ignored the express provisions of West Virginia Code § 48A-6-6, and concluding that, in light of the affidavit wherein the father admits paternity, blood testing is unwarranted. We remand this case to the family law master for complete disclosure of the parties' assets and a determination of child support in accordance with the West Virginia child support guidelines.

I.
Joseph Charles C.,[3] the child who is the subject of the instant case, was born to Laura Frances M. at Women and Children's Hospital in Charleston, West Virginia on April 4, 1995. At the time of the child's birth, Mark Edward C., as well as Ms. M., signed a document entitled "State of West Virginia, Declaration of Paternity Affidavit" *81 ("paternity affidavit").[4] The paternity affidavit provided: "We, Mark E. C[][.] and Laura F. M[][.] ... [followed by both individual's social security numbers] being duly sworn acknowledge that Mark Edward C[][.] is the natural father of Joseph Charles C[][.], a male child born on 4-4-95[.] ..." Moreover, the affidavit contained the following statement: "W.Va.Code [] 48A-6-6(b) provides that `a written acknowledgment by both the man and the woman that the man is the father of the named child legally establishes the man as the father of the child for all purposes and child support can be established under the provisions of this chapter.'" See W.Va.Code § 48A-6-6(b) (1990).
On June 7, 1995, Ms. M., with the CSED's help, filed a complaint for child support in the Circuit Court of Braxton County. Based on a hearing conducted before the family law master on August 15, 1995, the family law master, by order dated September 22, 1995, found that "[t]he Defendant MARK EDWARD C[][.], is the father of JOSEPH CHARLES C[][.] ..., [since] [t]he Defendant, MARK EDWARD C[][.], has acknowledged that he is the father of JOSEPH CHARLES C[][.], born on April 1, 1995 as evidenced by the Declaration of Paternity Affidavit." Further, the family law master found
[t]hat Defendant's Motion for blood tests and Motion to [s]et aside Declaration of Paternity Affidavit on the grounds of fraud or duress are DENIED. The Defendant is an educated man. The Plaintiff-Mother did not trick, mislead, or threaten him into signing the affidavit. Additionally, there is no statutory 72 hour "window" to revoke a paternity affidavit as the Legislature provide[d] in the case of Consents for Adoption.[5] (Footnote added).
Pursuant to the family law master's findings and conclusions, Mark Edward C. was ordered to pay child support in the amount of $135 per month, based upon a finding that his monthly net income was $855 per month.[6] According to the Petitioner, both parties filed exceptions and objections to this order. The CSED objected to the amount of child support, asserting that Mark Edward C. has substantial assets that warrant a higher child support amount. Mark Edward C. objected to the denial of the blood test and to paying child support as ordered.
To consider these objections to the family law master's recommendations, the circuit court conducted a hearing on December 8, 1995. By order entered January 23, 1996, the circuit court rejected the affidavit establishing paternity and directed that blood testing be performed "to determine the paternity of the subject child ... born unto the Plaintiff-Mother on April 4, 1995...." Specifically, the circuit court stated that it was
of the opinion that even though an acknowledgment was signed by both the Defendant and the Plaintiff, pursuant to W.Va.Code § 48A-6-6(b) (1990), that the Defendant-Father, being alleged to be the biological father of the subject child, has standing to challenge the written acknowledgment. The Court is of the opinion that scientific blood test[s] are available to accurately determine the paternity of the subject child. Furthermore, the Court questions whether or not that such acknowledgment adequately informs putative fathers as regards their respective "rights and obligations of acknowledging paternity" *82 as apparently contemplated in the amended statute of W.Va.Code § 48A-6-6(b) (1995).
The circuit court, however, did sustain the temporary support order established by the family law master, based upon the father's signing of the affidavit, and left in abeyance the father's motion for reimbursement of child support in the event he was found not to be the child's father. Further, the circuit court sustained the CSED's motion "to permit discovery so that it can investigate the adequacy of such [child] support amount [awarded by the family law master]."

II.
We recently held in syllabus point two of State ex rel. David Allen B. v. Sommerville, 194 W.Va. 86, 459 S.E.2d 363 (1995), that "[o]nce a man and woman properly acknowledge that the man is the father of a child under W.Va.Code 48A-6-6 (1990), then absent a challenge to that acknowledgment by a person with standing to challenge the acknowledgment, no blood testing shall be required to disestablish paternity." We have never, however, addressed the effect that West Virginia Code § 48A-6-6[7] has on paternity determinations. The statute provides that:
(a) A written, notarized acknowledgment by both the man and woman that the man is the father of the named child legally establishes the man as the father of the child for all purposes and child support may be established under the provisions of this chapter. The acknowledgment of paternity is irrevocable from the time of execution, unless a court of competent jurisdiction finds that such acknowledgment was obtained by fraud or duress.
(b) The written acknowledgment shall include:
(1) Filing instructions;
(2) The parents' social security numbers and addresses; and
(3) A statement regarding the rights and obligations of acknowledging paternity, including, but not limited to, the duty to support a child.
(c) Failure or refusal to include all information required by subsection (b) of this section shall not affect the validity of the written acknowledgment, in the absence of a finding by a court of competent jurisdiction that the acknowledgment was obtained by fraud or duress.
(d) The original written acknowledgment should be filed with the state registrar of vital statistics. Upon receipt of any acknowledgment executed pursuant to this section, the registrar shall forward the copy of the acknowledgment to the child support enforcement division and the parents, if the address of the parents is known to the registrar. If a birth certificate for the child has been previously issued which is incorrect or incomplete, a new birth certificate shall be issued.
Id.
The legislature is clear in its mandate that absent a judicial determination that an acknowledgment of paternity was entered into under fraud or duress, a written notarized acknowledgment by both the man and woman that the man is the father of the named child legally and irrevocably establishes the man as the father of the child for all purposes including child support obligations under the provisions of chapter 48A *83 of the West Virginia Code. Moreover, pursuant to West Virginia Code § 48A-6-6(b), a written acknowledgment establishing paternity shall include: (1) the filing instructions; (2) the parents' social security numbers and addresses; and (3) a statement regarding the rights and obligations of acknowledging paternity, including, but not limited to, the duty to support a child. Failure or refusal to include all this required information, however, shall not affect the validity of the written acknowledgment, absent a finding by a court of competent jurisdiction that the acknowledgment was obtained by fraud or duress. Missing from this statute is any reference by the legislature regarding the use of blood tests to defeat an acknowledgment of paternity.
In the instant case, it is clear that the affidavit signed by Mark Edward C. acknowledging paternity contained all the requisite information compelled by West Virginia Code § 48A-6-6, even though the acknowledgment was entered into before the 1995 statute became effective. Most significantly, the putative father acknowledged on the paternity affidavit that he "is the natural father of" Joseph Charles C. and that he "is the father of the ... child for all purposes." The paternity affidavit also informed him that "child support can be established." Consequently, the only way the father's acknowledgment of paternity can be revoked would be through a finding by the court that it was obtained from him under fraud or duress. The family law master explicitly found that no fraud or duress existed at the time the paternity affidavit was signed and the circuit court, in choosing not to alter that finding, implicitly adopted it.
Accordingly, we conclude that the circuit court's action in rejecting Mark Edward C.'s written acknowledgment of paternity was in direct contravention of the provisions of West Virginia Code § 48A-6-6. Since "[t]he writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court ... exceeds its legitimate powers[,]" we issue the writ of prohibition, thereby prohibiting the enforcement of the circuit court's order that directs the mother, father and child to undergo blood testing in order to establish paternity. W.Va.Code § 53-1-1 (1994).

III.
As an ancillary matter, we address the Petitioner's request for an order remanding this case to the family law master for complete disclosure of the parties' assets and a determination of child support in accordance with the child support guidelines. The Petitioner maintains that Mark Edward C. has substantial undisclosed assets that would warrant a higher child support award.
Rule 11 of the Rules of Practice and Procedure for Family Law requires
[i]n any action in which the issue of child support or alimony is raised, each party shall, not later than three (3) days prior to a hearing on such issue, provide the opposing party and file with the circuit clerk a verified financial disclosure form for child support and alimony which shall include the following documents and information:
(1) A copy of the party's most recent wage or salary stub stating the gross pay, deductions for taxes and other items itemized, and net pay, both for a normal pay period and for year-to-date earnings;
(2) A copy of the party's income tax returns for the two years immediately preceding the hearing date and Forms W-2 for those years and for any year for which tax returns have not yet been filed;
(3) A copy of any financial statement for a party who is self-employed;
(4) A copy of any invoices, receipts, etc., showing the cost of any extraordinary medical expenses, child care, and other special needs of the child;
(5) A copy of any other document reflecting any other item to be used in the calculation.
Id.; see Syl.Pts. 2 and 3, State ex rel. Erickson v. Hill, 191 W.Va. 320, 321-22, 445 S.E.2d 503, 504-05 (1994); W.Va.Code 48-2-33 (1995).
We are unable to ascertain from the minimal record before us not only how the family law master made his temporary child *84 support determination, but also whether the family law master was presented with a full disclosure of assets. The circuit court, in granting the CSED's motion to permit discovery regarding the adequacy of the child support award, also apparently questioned whether the parties had fully disclosed their assets. Because of the circuit court's decision to grant the CSED's motion, we remand this case to the circuit court so that it can direct the family law master to ascertain whether complete disclosure of the parties' assets has occurred. Based on the family law master's determination, the child support award should comply with the child support guidelines. See Syl.Pts. 1 and 3, Wood v. Wood, 190 W.Va. 445, 438 S.E.2d 788 (1993). Furthermore, if there is any question as to the retroactivity of any child support award, "[t]here is a presumption that reimbursement child support is retroactive to the child's date of birth, absent any assertion and proof that the doctrine of laches or other affirmative defense is applicable to said reimbursement support." State of W. Va. Dep't of Health and Human Resources, Child Advocate Office ex rel. Robert Michael B. v. Robert Morris N., 195 W.Va. 759, 764, 466 S.E.2d 827, 832 and Syl.Pt. 3 (1995).
Based upon the foregoing, we hereby grant a writ of prohibition.
Writ granted.
NOTES
[1] The pertinent provisions of West Virginia Code 48A-6-6 provided:

(b) A written acknowledgment by both the man and woman that the man is the father of the named child legally establishes the man as the father of the child for all purposes and child support can be established under the provisions of this chapter.
(c) On and after the first day of November, one thousand nine hundred ninety, in addition to providing the information necessary to establish paternity in accordance with the provisions of this section, a person whose name is to appear in the order establishing paternity as a parent shall furnish to the clerk of the circuit court the social security account number (or numbers, if the parent has more than one such number) issued to the parent. A record of the social security number or numbers shall be forwarded to the state registrar of vital statistics along with the order establishing paternity.
Id. § 48A-6-6(b) & (c).
[2] Only the petition for writ of prohibition was received by the Court in this matter. Bernard R. Mauser, attorney for Mark Edward C., the father, appeared at oral argument and stated that his client did not contest the petition, but proceeded to some extent to make arguments against the petition. We give little weight to any other argument offered by Mark Edward C., in light of his failure to comply with West Virginia Rule of Appellate Procedure 10(b), by submitting a brief. Rule 10(e) of the West Virginia Rules of Appellate Procedure expressly states the consequences of failing to comply with the briefing requirements of this Court:

The failure to file a brief in accordance with this rule may result in the Supreme Court imposing the following sanctions: refusal to hear the case, denying oral argument to the derelict party, dismissal of the case from the docket, or such other sanctions as the Court may deem appropriate.
Id.
[3] As is our practice in cases involving sensitive issues, we refer to the child and his parents by their last name initials only. See State v. Michael S., 188 W.Va. 229, 230, 423 S.E.2d 632, 633 n. 1 (1992).
[4] A notary public witnessed the signatures of both individuals.
[5] The family law master was referring to West Virginia Code § 48-4-5(a)(1) (1995) which provides:

(a) Parental consent or relinquishment of legal custody for adoption purposes, whether given by an adult or minor, is irrevocable from the time of execution, except where a court of competent jurisdiction finds that, notwithstanding the terms of the consent or relinquishment, such consent or relinquishment was obtained by fraud or duress, if:
(1) The consent or relinquishment is executed after the expiration of seventy-two hours after the birth of the child, and the consent so states[.]
Id.
[6] Additionally, the Department of Health and Human Resources was awarded a decretal judgment of $208 as reimbursement child support for benefits it provided for Mark Edward C.'s child from July 1, 1995, to August 15, 1995, plus interest. Mark Edward C. also was ordered to provide medical and hospitalization insurance coverage for the child, as well as 60% of those costs and expenses not covered by insurance.
[7] While the applicable statutory provision in effect at the time Mark Edward C. signed the paternity affidavit was West Virginia Code § 48A-6-6 (1990), the legislature amended that statute in 1995 and renumbered it as West Virginia Code § 48A-6-6(a) (Supp.1995). While the amendment effectively rewrote the section, it left intact the section under the 1990 statute that was quoted in the paternity affidavit signed by the putative father. See W.Va.Code § 48A-6-6(b) (1990). Moreover, it is apparent from the record before us that the parties, as well as both the family law master and the circuit court implicitly relied upon the 1995 statute and none of the parties disputed its application to the instant case.

We find no harm in the family law master's and circuit court's reliance on the 1995 statute because it is apparent that the amendment to the statute only explicitly states what the parties implicitly argued, and was more of a clarification of the legislature's intent, rather than an enactment of a new law. See generally Mongold v. Mayle, 192 W.Va. 353, 357, 452 S.E.2d 444, 448 (1994). For purposes of clarity, we refer to the 1995 amended statute throughout this opinion unless otherwise noted.