465 S.E.2d 917

**Grant PREECE, Plaintiff Below, Appellee,**

v.

**Eva PREECE, Defendant Below, Appellant.**

**No. 22861.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 3, 1995.

Decided Dec. 15, 1995.

---

Chester Lovett, Lovett, Cooper & Glass, Charleston, for Appellee.

Michael V. Marlow, Montgomery & Marlow, Charleston, for Appellant.

WORKMAN, Justice:

This is an appeal by Eva Preece (hereinafter "the Appellant") from an August 4, 1994, final order of the Circuit Court of Mingo County granting a decree of divorce to the Appellant and Grant Preece (hereinafter "the Appellee" or "the husband"). The Appellant asserts that procedural irregularities occurring below rendered the filing of the divorce order improper. Furthermore, the Appellant alleges that the lower court erred in finding the terms of the separation agreement fair and equitable. We conclude that the lower court had insufficient evidence upon which to base a decision regarding the fairness of the separation agreement and remand this matter for further evaluation in accordance with this opinion.

## I.

The Appellant and the Appellee were married in 1960, and three children, now emancipated, were born of the marriage. On July 14, 1994, the Appellee filed a pro se no fault divorce complaint, an acceptance of service, a pro se answer signed by the Appellant, and a separation agreement executed by the Appellant. The acceptance of service, answer, and separation agreement were dated July 13, 1994, the day before the complaint was filed. Both parties acknowledged in the separation agreement that it was fair, reasonable, and voluntarily executed. A hearing before the lower court was conducted on August 4, 1994, with only the Appellee in attendance. The Appellant contends that she did not participate in the hearing because she did not receive written notice of its scheduled time and date. The hearing was conducted in the Appellant's absence, and the lower court questioned the Appellee regarding the irreconcilable differences which had arisen in the marriage, the inability of the parties to salvage their marriage, and the fact that both parties had signed the separation agreement. At the conclusion of the questioning, the lower court found that the "property settlement agreement entered into between the parties is fair, just and equitable...." A final divorce decree, incorporating the terms of the separation agreement, was entered by the lower court on August 4, 1994, and specifically stated the court's conclusion that the

agreement was in all respects fair, just, and equitable. The Appellant appeals that order to this Court.

## II.

The Appellant contends that the manner in which the Appellee filed the complaint, acceptance of service, answer, and separation agreement violated Rule 81(a)(2) of the West Virginia Rules of Civil Procedure.[1] Specifically, the Appellant maintains that because the complaint was not filed until July 14, 1994, she could not possibly have accepted valid service of process of that complaint on July 13, 1994. The Appellant also argues that the ineffective service of process invalidates the final order of the lower court and thwarts the purpose of the provision in Rule 81 requiring a minimum of twenty days between the date of acceptance of service and the date of the final divorce order.

The Appellant also asserts that the separation agreement is unfair, inequitable, and was forced upon her by her husband. West Virginia Code §§ 48–2–16(a) (1995) and 48–2–32(b) (1995) require the court to examine a separation agreement or property settlement agreement to assure that it is fair and reasonable and not obtained through fraud or duress.[2] The Appellant contends that the lower court did not possess sufficient background to properly determine the issues of fairness, equity, or duress, and erred in finding that the terms of the agreement were equitable when sufficient background inquiry was not made to justify that conclusion. The Appellant emphasizes that financial disclosures were not filed and that the Appellant was not even present at the hearing.[3] No testimony was taken regarding the assets of the parties, the allocation of those assets, or the understanding of the parties regarding the division of assets.

■ Pursuant to West Virginia Code § 48–2–16(a), a lower court shall conform its order to the separation agreement of the parties "if the court finds that the agreement is fair and reasonable, and not obtained by fraud, duress or other unconscionable conduct by one of the parties ..." and also finds that the parties have expressed themselves in terms which would be enforceable by a court in future proceedings. In *Gangopadhyay v. Gangopadhyay*, 184 W.Va. 695,

1. Rule 81(a)(2) of the West Virginia Rules of Civil Procedure provides, in pertinent part, as follows: "A divorce or annulment action shall not be tried or heard prior to the expiration of the maximum period of time within which the defendant in such action is required to file his answer as provided in Rule 12." The Rule 12 requirement for the filing of an answer in the present case was twenty days. *See* W.Va.R.Civ.P. 12(a).

2. West Virginia Code § 48–2–16(a) provides:
 In cases where the parties to an action commenced under the provisions of this article have executed a separation agreement, if the court finds that the agreement is fair and reasonable, and not obtained by fraud, duress or other unconscionable conduct by one of the parties, and further finds that the parties, through the separation agreement, have expressed themselves in terms which, if incorporated into a judicial order, would be enforceable by a court in future proceedings, then the court shall conform the relief which it is authorized to order under the provisions of sections thirteen and fifteen of this article to the separation agreement of the parties.
 West Virginia Code § 48–2–32(b) (1995) provides as follows:
 In cases where the parties to an action commenced under the provisions of this article have executed a separation agreement, then the court shall divide the marital property in accordance with the terms of the agreement, unless the court finds:
 (1) That the agreement was obtained by fraud, duress, or other unconscionable conduct by one of the parties, or
 (2) That the parties, in the separation agreement, have not expressed themselves in terms which, if incorporated into a judicial order, would be enforceable by a court in future proceedings, or
 (3) That the agreement, viewed in the context of the actual contributions of the respective parties to the net value of the marital property of the parties, is so inequitable as to defeat the purposes of this section, and such agreement was inequitable at the time the same was executed.

3. The Appellant contends that she did not receive written notice of the hearing, and that contention is not contradicted by the Appellee. However, the Appellee maintains that the Appellant had actual knowledge of the hearing and simply chose not to attend.

403 S.E.2d 712 (1991), we addressed the court's obligation to determine the fairness of an oral property settlement agreement. While our discussion in *Gangopadhyay* focused on the heightened necessity of court review created by the oral nature of that agreement, we elucidated several general principles applicable to the present case. *Id.* at 698–99, 403 S.E.2d at 715–16. We emphasized that the court's inquiry into the issue of whether the agreement is fair and reasonable "requires a disclosure of the financial background of the parties sufficient to justify the conclusion of the court or master." *Id.* at 699, 403 S.E.2d at 716. The foundation of that particular requirement is based in statutory law, not simply in common law arising from the oral nature of the agreement in *Gangopadhyay.* *Id.* Thus, that inquiry by the court, while discussed in *Gangopadhyay* in the context of oral agreements, is necessary in all divorce cases involving a separation agreement.

 In addition to the requirements of West Virginia Code § 48–2–16(a), West Virginia Code § 48–2–33(a) (1995) also provides the following guidance regarding financial disclosure in all divorce cases: "In all divorce actions and in any other action involving child support, all parties shall fully disclose their assets and liabilities within forty days after the service of summons or at such earlier time as ordered by the court." In syllabus point two of *Metzner v. Metzner*, 191 W.Va. 378, 446 S.E.2d 165 (1994), we explained as follows:

> *W.Va.Code,* 48–2–33 [1984], requires a full disclosure of one spouse's financial assets to the other spouse at the time of divorce, and contemplates a meaningful hearing on the subject of equitable distribution of property at which the spouse submitting financial data may be cross-examined concerning the nature, origin and amount of assets.

191 W.Va. at 379, 446 S.E.2d at 166 Syl. Pt. 2 (quoting Syl. Pt. 1, *Hamstead v. Hamstead,* 178 W.Va. 23, 357 S.E.2d 216 (1987), *overruled on other grounds, Roig v. Roig,* 178

W.Va. 781, 364 S.E.2d 794 (1987)). The Legislature's employment of the phrase "[i]n all divorce actions" as the introductory language of West Virginia Code § 48–2–33 evidences the Legislature's intent that financial disclosure should occur in all divorce cases, not only those in which no separation agreement is executed. The existence of a separation agreement does not alter the requirements of that statute, nor does West Virginia Code § 48–2–16(a), dealing specifically with separation agreements, carve any exemption from disclosure for divorces in which separation agreements are present.

 We have recently provided specific guidance to lower courts regarding the practical application of the requirements expressed in West Virginia Code § 48–2–33. In syllabus point two of *State ex rel. Erickson v. Hill,* 191 W.Va. 320, 445 S.E.2d 503 (1994), we explained as follows:

> To meet the disclosure requirements of *W.Va.Code* 48–2–33 [1993], the West Virginia Supreme Court, by order dated 18 February 1994, effective 1 March 1994, requires the parties in a divorce or child support case to disclose their assets and liabilities, as required by Rule 11(a) of the *Rules of Practice and Procedure for Family Law* [1993], on standard forms promulgated by this Court or 'on a form that substantially complies with the form promulgated by the supreme court of appeals.' *W.Va.Code* 48–2–33(c) [1993].

191 W.Va. at 321–22, 445 S.E.2d at 504–05. Syllabus point 3 of *Erickson* provides additional instruction regarding the requirements of disclosure, as follows:

> Generally the disclosure procedure in a divorce or child support case is as follows: (1) both parties should provide the asset, liability and other relevant information required under Rule 11 of the *Rules of Practice and Procedure for Family Law* [1993] on the standard forms promulgated by this Court, that have been provided to the clerk of every circuit court; and (2) if this disclosure is deemed insufficient, the party seeking additional disclosure/discovery, must

move the family law master for a discovery order under Rule 81(a)(2) of the *West Virginia Rules of Civil Procedure* [1988].

191 W.Va. at 322, 445 S.E.2d at 505. Rule 11(a) of the Rules of Practice and Procedure for Family Law provides that each party in a proceeding for divorce shall provide the information required to be disclosed by West Virginia Code § 48–2–33 and shall serve that information on the opposing party and file it with the clerk of the lower court within forty days after service of process. It further provides that "[i]f the final hearing is held within the forty-day period, the information shall be served and filed no less than five (5) days prior to the hearing." *Id.*

In the present case, while we do not find that the procedural irregularities necessarily render the order unenforceable per se, we conclude that the lower court engaged in insufficient inquiry, as required by West Virginia Code §§ 48–2–16(a) and 48–2–32(b), to determine whether the separation agreement was fair and reasonable and to assure that the financial disclosure requirements of West Virginia Code § 48–2–33(a) were observed. We therefore remand this matter to the Circuit Court of Mingo County for further consideration.

Reversed and remanded with directions.