479 S.E.2d 676

**LAWYER DISCIPLINARY BOARD, Complainant**

v.

**Clark B. FRAME, an Active Member of the West Virginia State Bar, Respondent.**

**No. 23029.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 1, 1996.

Decided Nov. 18, 1996.

---

Sherri D. Goodman, Chief Lawyer Disciplinary Counsel, Janice B. Binder, Lawyer Disciplinary Counsel, Charleston, for the Complainant.

Wesley W. Metheney, Wilson, Frame, Benninger & Metheney, Morgantown, for the Respondent.

PER CURIAM:

This case is before this Court[1] upon a review of the June 24, 1996, recommended decision of the Hearing Panel Subcommittee of the Lawyer Disciplinary Board of the West Virginia State Bar concerning the respondent, Clark B. Frame. The case concerns whether the respondent's preparation of an answer for an unrepresented defendant in a divorce action, wherein the respondent represented the plaintiff, violated the Rules of Professional Conduct for West Virginia attorneys.

This Court has before it the recommended decision, all matters of record and the briefs of the parties. Although the Hearing Panel Subcommittee recommends that these proceedings against the respondent be dismissed, this Court concludes that the preparation of the answer, in fact, constituted a violation of Rule 1.7(a) of the Rules of Professional Conduct concerning conflict of interests. Consequently, this Court is of the opinion that a public reprimand is warranted.

I

The facts in this case are undisputed. The respondent is a licensed attorney practicing in Morgantown, West Virginia and, in August 1993, agreed to represent Roger Ellifritz, one of his former clients, in a divorce action. Mr. Ellifritz told the respondent that the divorce was amicable and that he and his wife, Betty Ellifritz, had agreed upon a division of the property.

The respondent prepared a complaint for divorce alleging irreconcilable differences upon Mr. Ellifritz's behalf. In addition, the respondent, at the request of Mr. Ellifritz, prepared an answer for Ms. Ellifritz. The answer, indicating that Ms. Ellifritz was appearing *pro se*, admitted the averments of the complaint. Roger and Betty Ellifritz

picked up the complaint and answer from a secretary in the respondent's office. The answer was signed and notarized at a local bank, and Mr. and Ms. Ellifritz filed both the complaint and the answer, on their own, in the Circuit Court of Monongalia County. At no time prior to, or during, the divorce proceedings did the respondent, or anyone else in his office, ever meet with, or talk to, Ms. Ellifritz concerning the divorce.

Several weeks after the preparation of the complaint and answer, Ms. Ellifritz contacted the respondent to inform him that Mr. Ellifritz had been physically abusing her. As a result, the respondent withdrew as counsel for Mr. Ellifritz in the divorce action and refunded to Mr. Ellifritz the respondent's fee of $500. Thereafter, the respondent did not participate in the divorce action. Mr. and Mrs. Ellifritz ultimately employed separate attorneys and obtained the divorce.

In 1994, an ethics complaint was filed against the respondent concerning the above events, and on September 7, 1995, the Investigative Panel of the Lawyer Disciplinary Board filed a statement of formal charges. The statement of formal charges alleged that probable cause existed to conclude that, in preparing the answer for Ms. Ellifritz while representing Mr. Ellifritz, the respondent violated Rule 1.7(a) of the Rules of Professional Conduct which states: "A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless: (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and (2) each client consents after consultation."[2]

Accordingly, the statement of formal charges was brought before the Hearing Panel Subcommittee of the Lawyer Disciplin-

---

**1.** The Honorable Arthur M. Recht resigned as *Justice of the West Virginia Supreme Court of Appeals* effective October 15, 1996. The Honorable Gaston Caperton, Governor of the State of West Virginia, appointed him Judge of the First Judicial Circuit on that same date. Pursuant to an administrative order entered by this Court on October 15, 1996, Judge Recht was assigned to sit as a member of the West Virginia Supreme Court of Appeals commencing October 15, 1996 and continuing until further order of this Court.

**2.** In addition to indicating that the respondent violated Rule 1.7(a) of the Rules of Professional

Conduct, the statement of formal charges also indicated that the respondent, in preparing the answer, violated Rule 4.3 of those Rules. Rule 4.3 states:

> In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding.

ary Board for an evidentiary hearing, which was conducted in January 1996. After further proceedings, the Hearing Panel Subcommittee, on June 24, 1996, filed its decision recommending that these proceedings be dismissed. Essentially, the Hearing Panel Subcommittee concluded that, inasmuch as the respondent never communicated with Ms. Ellifritz concerning the divorce action and promptly withdrew as Mr. Ellifritz's attorney when the problem of physical abuse arose, no violation of Rule 1.7(a) occurred. The Office of Disciplinary Counsel filed an objection to the recommended decision,[3] and, subsequent to the filing of briefs, this case was submitted to this Court for decision.

## II

■ As this Court observed in *Lawyer Disciplinary Board v. Vieweg*, 194 W.Va. 554, 558, 461 S.E.2d 60, 64 (1995), in conducting the evidentiary hearing and making a recommendation to this Court, the Lawyer Disciplinary Board of the West Virginia State Bar, through its Disciplinary Counsel and Hearing Panel Subcommittee, is functioning, as did the former Committee on Legal Ethics, "as an administrative arm of this Court." In particular, as we reaffirmed in *Committee on Legal Ethics v. McCorkle*, 192 W.Va. 286, 288, 452 S.E.2d 377, 379 (1994), the authority of the Supreme Court of

Appeals to regulate and control the practice of law in West Virginia, including the lawyer disciplinary process, is constitutional in origin. *W. Va. Const.* art. VIII, § 3; syl. pt. 1, *Daily Gazette Co. v. Committee on Legal Ethics*, 174 W.Va. 359, 326 S.E.2d 705 (1984). *See also*, syl. pt. 1, *Committee on Legal Ethics v. Craig*, 187 W.Va. 14, 415 S.E.2d 255 (1992).

■ Accordingly, the standard of review by this Court with regard to the lawyer disciplinary process is the same when reviewing a recommendation of the Lawyer Disciplinary Board, through its Hearing Panel Subcommittee as it was with regard to the former Committee on Legal Ethics. As syllabus point 3 of *McCorkle, supra*, states:

A *de novo* standard applies to a review of the adjudicatory record made before the Committee on Legal Ethics of the West Virginia State Bar as to questions of law, questions of application of the law to the facts, and questions of appropriate sanctions; this Court gives respectful consideration to the Committee's recommendations while ultimately exercising its own independent judgment. On the other hand, substantial deference is given to the Committee's findings of fact, unless such findings are not supported by reliable, probative, and substantial evidence on the whole record.

As the June 24, 1996, recommended decision of the Hearing Panel Subcommittee of the Lawyer Disciplinary Board suggests, some communication, either express or implied, must occur between the lawyer and the unrepresented person as a prerequisite to a Rule 4.3 violation. Here, as the Hearing Panel Subcommittee found, the respondent had no communication of any kind with Ms. Ellifritz concerning the divorce action, until Ms. Ellifritz informed the respondent that she had been physically abused by her husband. The respondent then withdrew as counsel for Mr. Ellifritz.

Based upon those circumstances, the Hearing Panel Subcommittee recommended that the Rule 4.3 charge be dismissed. Although we are not unmindful of the assertion of Disciplinary Counsel that the preparation of the complaint and answer by the respondent may have communicated to Ms. Ellifritz, by implication, that the respondent was disinterested in the divorce action, this Court is inclined to adopt the recommendation of the Hearing Panel Subcommittee to dismiss the Rule 4.3 charge, in view of the more obvious violation, in this case, of Rule 1.7(a) concerning conflict of interests. Accord-

ingly, our discussion in this opinion will focus upon the Rule 1.7(a) violation.

**3.** By letter dated July 2, 1996, the Office of Disciplinary Counsel notified the Hearing Panel Subcommittee of its objection to the recommended decision. The Hearing Panel Subcommittee, however, by letter dated July 15, 1996, waived its right to appear and defend its recommended decision before this Court. As this Court held in syllabus point 5 of *Lawyer Disciplinary Board v. Vieweg*, 194 W.Va. 554, 461 S.E.2d 60 (1995):

Where a conflict exists between Disciplinary Counsel and the Hearing Panel Subcommittee of the Lawyer Disciplinary Board with regard to the recommendations concerning a petition for reinstatement to the practice of law or other disciplinary proceedings, Disciplinary Counsel shall notify the Hearing Panel Subcommittee of the existence of the conflict. If the conflict is not resolved in advance, the Hearing Panel Subcommittee shall have the right to representation by separate counsel before this Court upon review of the petition.

*See also* syl., *Office of Disciplinary Counsel v. Battistelli*, 195 W.Va. 373, 465 S.E.2d 644 (1995); syl. pt. 3, *Lawyer Disciplinary Board v. Cunningham*, 195 W.Va. 27, 464 S.E.2d 181 (1995); syl. pt. 1, *Lawyer Disciplinary Board v. Pence*, 194 W.Va. 608, 461 S.E.2d 114 (1995); syl. pt. 4, *Lawyer Disciplinary Board v. Beveridge*, 194 W.Va. 154, 459 S.E.2d 542 (1995); syl. pt. 2, *Lawyer Disciplinary Board v. McGraw*, 194 W.Va. 788, 461 S.E.2d 850 (1995).

Of course, as stated in Rule 3.7 of the Rules of Lawyer Disciplinary Procedure, in order to recommend to this Court the imposition of discipline of any lawyer, the allegations of the statement of formal charges must be "proved by clear and convincing evidence." *See* syl. pt. 1, *McGraw, supra.*

As indicated above, the respondent, in preparing the answer for Ms. Ellifritz while representing Mr. Ellifritz, is charged with violating Rule 1.7(a) of the Rules of Professional Conduct which, as previously quoted, states: "A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless: (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and (2) each client consents after consultation." Stating that no consultation ever took place, since the respondent never spoke with Ms. Ellifritz until she informed him of the physical abuse, Disciplinary Counsel contends that, in any event, the Hearing Panel Subcommittee erred in recommending a dismissal of these proceedings because the Subcommittee failed to recognize that attorneys in this State have been on notice for a number of years that the conduct in question constitutes an ethics violation. On the other hand, the respondent contends that, inasmuch as he never indicated to Ms. Ellifritz that he represented her and promptly withdrew from the divorce action upon being informed of the physical abuse, the preparation of the answer for Ms. Ellifritz did not constitute an ethics violation.

In *Walden v. Hoke*, 189 W.Va. 222, 429 S.E.2d 504 (1993), a wife was involved in a divorce action involving a husband who had been declared incompetent. The wife's attorneys, in *Walden*, prepared the answer of the husband's guardian ad litem to the divorce complaint. The divorce was initially amicable but degenerated into a conflict over financial matters. Although *Walden* involved a civil action by the wife against the attorneys, this Court stated that the conduct of the attorneys, in preparing the answer, had breached certain standards of ethics. Citing a 1977 opinion of the former Committee on Legal Ethics, this Court stated:

> While the practice of one party preparing documents for the guardian ad litem of an opposing party may be common, we believe it is unwise. Regardless of how simple, amicable, and uncontested the divorce may be, the preparation of documents for the opposing party raises the possibility of prejudice and presents the appearance of impropriety.

189 W.Va. at 228, 429 S.E.2d at 510. As syllabus point 5 of *Walden* specifically holds: "A plaintiff's lawyer should not prepare an answer for the defendant in any divorce, regardless of whether the divorce is uncontested and simple."

The 1977 opinion of the former Committee on Legal Ethics appeared in the Fall 1977 issue of the West Virginia State Bar Journal, a magazine of general circulation to attorneys in West Virginia. That opinion concluded that it would not be proper for a plaintiff's attorney in a divorce action to "prepare an answer, give it to the plaintiff client, and shift the burden to the client of having the defendant execute it and file it [.]" The 1977 opinion was reprinted in the January 1991 edition of The West Virginia Lawyer, also a magazine of general circulation to attorneys in West Virginia. An introductory paragraph to the 1991 reprinting observed that the 1977 opinion "prohibits West Virginia attorneys from even preparing an Answer for the opposing party." Moreover, although Rule 1.7(a) was not in effect in 1977, the 1977 opinion stated that lawyers are to serve their clients "free of compromising influences and loyalties and are precluded from accepting and continuing any employment that will adversely affect their judgment on behalf or dilute their loyalty to any client."

Significantly, the respondent in this proceeding was held by this Court, in a prior matter, to have violated Rule 1.7(a) of the Rules of Professional Conduct. In *Committee on Legal Ethics v. Frame*, 189 W.Va. 641,

433 S.E.2d 579 (1993), the respondent was involved in representing a plaintiff in a personal injury action against a corporation, while also representing the majority stockholder of that corporation in a divorce action. Noting that "no actual harm" resulted, this Court, in *Frame,* nevertheless held that the simultaneous representation was contrary to the interests of the respective clients and violative of Rule 1.7(a).

As in *Frame, supra,* there is no suggestion in this proceeding that the respondent possessed any unethical intent toward, or attempted to profit from, the circumstances surrounding the preparation of the answer for Ms. Ellifritz. However, as Disciplinary Counsel indicates, it is also clear that the respondent is an experienced divorce attorney who has been put upon ample notice, by way of the *Walden* case and otherwise, that it is improper for a plaintiff's attorney in a divorce action to prepare the answer for the defendant, no matter how "uncontested and simple" the divorce may appear. As the respondent should know, and as the above facts of *Walden* illustrate, the "amicable divorce" often results in a protracted contest between the parties. Here, the respondent relied upon statements of Mr. Ellifritz to the effect that the circumstances between the parties were friendly, whereas, in reality, physical abuse of Ms. Ellifritz was present. An adherence to *Walden* and to the publicized opinion of the former Committee on Legal Ethics by the respondent could have avoided these proceedings.

Upon all of the above, therefore, this Court is of the opinion that, in preparing the answer for Ms. Ellifritz while representing Mr. Ellifritz, the respondent violated Rule 1.7(a) of the Rules of Professional Conduct. Moreover, although the respondent promptly withdrew from the divorce action upon being informed of the physical abuse of Ms. Ellifritz, this Court is of the opinion that the respondent's withdrawal is more relevant as a mitigating factor under Rule 3.16 of the

Rules of Lawyer Disciplinary Procedure than upon the question of whether an ethical violation occurred.[4] The Hearing Panel Subcommittee recommended that these proceedings be dismissed. However, as stated in syllabus point 3 of *Committee on Legal Ethics v. Blair,* 174 W.Va. 494, 327 S.E.2d 671 (1984), *cert denied,* 470 U.S. 1028, 105 S.Ct. 1395, 84 L.Ed.2d 783 (1985): "This Court is the final arbiter of legal ethics problems and must make the ultimate decisions about public reprimands, suspensions or annulments of attorneys' licenses to practice law."

In view of the circumstances herein and in view of the respondent's prior violation of Rule 1.7(a), this Court is of the opinion that a public reprimand is warranted. Accordingly, this matter is remanded to the Lawyer Disciplinary Board of the West Virginia State Bar for proceedings consistent with this opinion.

Public Reprimand.

RECHT, Judge, sitting by temporary assignment.

---

4. Rule 3.16 of the Rules of Lawyer Disciplinary Procedure provides:

In imposing a sanction after a finding of lawyer misconduct, unless otherwise provided in these rules, the Court or Board shall consider the following factors: (1) whether the lawyer has violated a duty owed to a client, to the public, to the legal system, or to the profession; (2) whether the lawyer acted intentionally, knowingly, or negligently; (3) the amount of the actual or potential injury caused by the lawyer's misconduct; and (4) the existence of any aggravating or mitigating factors.