# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Angela Dawn Miller,**
**Petitioner Below, Petitioner**

**vs)  No. 14-0482** (Wyoming County 04-C-320)

**Lori H. Nohe, Warden,**
**Lakin Correctional Center,**
**Respondent Below, Respondent**

**FILED**

April 13, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Angela Dawn Miller, by counsel Mark Hobbs, appeals the Circuit Court of Wyoming County's April 8, 2014, order denying her motion for relief from judgment made pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure.[1] Respondent Lori H. Nohe, Warden, by counsel Laura Young, filed a response. On appeal, petitioner alleges that the circuit court erred in denying her Rule 60(b) motion because due process required she be granted an omnibus evidentiary hearing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 1994, petitioner was convicted of first degree murder. She was later sentenced to a term of incarceration of life without the possibility of parole. Petitioner thereafter filed a direct appeal and this Court affirmed her conviction. *See State v. Miller*, 197 W.Va. 588, 476 S.E.2d 535 (1996). Following this appeal, petitioner filed a petition for writ of habeas corpus in the circuit court. Petitioner was represented by counsel during this habeas proceeding, and the

---

[1]In her notice of appeal, petitioner indicated that she was appealing both the April 8, 2014, order denying her Rule 60(b) motion and the circuit court's January 22, 2014, order denying her amended petition for writ of habeas corpus. However, because appeal of the latter order was untimely, this Court directed petitioner's counsel to file a supplement explaining why the notice of appeal in regard to the earlier order should be deemed timely. After counsel filed the required supplement, this Court refused to consider an appeal of the circuit court's January 22, 2014, order as set forth by order entered on February 26, 2015. As such, this appeal addresses only the circuit court's April 8, 2014, order denying petitioner's Rule 60(b) motion.

1

circuit court held an omnibus evidentiary hearing before ultimately denying her petition. In November of 2003, petitioner appealed the denial to this Court, which refused the same.

Following this Court's refusal of petitioner's habeas appeal, petitioner filed a second petition for writ of habeas corpus in the circuit court in December of 2004. This petition was denied by order entered on March 18, 2005.[2] Thereafter, in February of 2010, the circuit court appointed counsel to represent petitioner in the circuit court habeas proceeding, despite having previously denied her petition.[3] Counsel later moved for an extension of time to file an amended petition. The circuit court granted said motion and directed that counsel file an amended petition by March 1, 2012. On September 27, 2013, counsel filed the amended petition. On January 21, 2014, the circuit court summarily denied the amended petition.[4] On February 21, 2014, petitioner filed a motion to set aside or grant relief from the judgment pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure. That motion was denied by order entered on April 8, 2014. It is from the order denying her Rule 60(b) motion that petitioner appeals.

This Court reviews appeals of circuit court orders denying motions for relief from judgment under the following standard:

"A motion to vacate a judgment made pursuant to Rule 60(b), W.Va. R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syl. pt. 5, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974).

Syl. Pt. 1, *Fernandez v. Fernandez*, 218 W.Va. 340, 624 S.E.2d 777 (2005). Upon our review, the Court finds no error in the circuit court denying petitioner's Rule 60(b) motion.

In its January 22, 2014, order denying petitioner's amended petition for writ of habeas corpus, the circuit court relied, in part, upon petitioner's failure to provide any factual support to justify the issuance of a writ of habeas corpus. Subsequently, in her motion for relief from that judgment, petitioner argued that the amended petition lacked specific reference to the trial transcript because counsel misplaced the trial transcripts and that, upon locating them, specific reference could be made in a second amended petition for writ of habeas corpus. The circuit court, however, correctly ruled that petitioner "offers no explanation for how trial transcript references would alter the [circuit c]ourt's findings in its Order Denying Amended Petition." This is true in light of the circuit court's ultimate denial of the petition upon a finding that her prior direct criminal appeal and full habeas proceeding barred her current claims under the

---

[2]At the time this order was entered, Senior Status Judge John S. Hrko presided.

[3]The record is unclear as to why counsel was appointed. Petitioner did not include the order appointing her counsel in the appendix to the current appeal. However, at the time this order was entered, Judge Warren R. McGraw presided.

[4]At the time this order was entered, Judge Charles M. Vickers presided.

doctrine of *res judicata*. The Court agrees with this conclusion, as the circuit court clearly established that petitioner's prior direct criminal appeal and circuit court habeas corpus proceeding barred further prosecution of these claims under the doctrine of res judicata and, as such, did not err in denying her Rule 60(b) motion because she failed to establish how additional citation to the record would alter this determination.

While petitioner argues that the circuit court's prior order granting an extension of time to file an amended petition for writ of habeas corpus "kept [the] civil action open for subsequent [a]mended [p]etitions although the deadline of March 1, 2012, had expired," and that due process required an omnibus hearing, the Court finds no merit in this argument. The fact that the circuit court permitted the filing of an amended petition did not entitle petitioner to a full omnibus evidentiary hearing, as it was free to summarily refuse the petition. Pursuant to West Virginia Code § 53-4A-3(a),

> [i]f the petition, affidavits, exhibits, records and other documentary evidence attached thereto, or the record in the proceedings which resulted in the conviction and sentence, or the record or records in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or the record or records in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence . . . show to the satisfaction of the court . . . that the contention or contentions and grounds (in fact or law) advanced have been previously and finally adjudicated or waived, the court shall by order entered of record refuse to grant a writ, and such refusal shall constitute a final judgment.

Further, we have previously held that

> "A prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively." Syllabus Point 4, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

Syl. Pt. 2, *Markley v. Coleman*, 215 W.Va. 729, 601 S.E.2d 49 (2004). As fully set forth in the circuit court's January 22, 2014, order denying the amended petition, all the grounds raised therein were barred by res judicata. For this reason, it is clear that the circuit court did not abuse its discretion in denying petitioner's Rule 60(b) motion, as specific citation to the trial record would not entitle petitioner to relief.

For the foregoing reasons, the circuit court's April 8, 2014, order denying petitioner's motion for relief from judgment made pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure is affirmed.

Affirmed.

**ISSUED:**  April 13, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4