**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Anne Y.,
**Petitioner Below, Petitioner**

**v.) No. 23-380** (22-ICA-229)

**Daniel Y.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Anne Y. appeals the memorandum decision of the Intermediate Court of Appeals of West Virginia (ICA) that affirmed the Family Court of Cabell County's October 6, 2022, order denying her motion for reconsideration of the parties' divorce settlement agreement. *See Anne Y. v. Daniel Y.*, No. 22-ICA-229, 2023 WL 3581506 (W. Va. Ct. App. May 22, 2023) (memorandum decision).[1] She contends that the settlement agreement, which was incorporated into the parties' final divorce order, should be reconsidered and set aside because the respondent did not file a financial disclosure. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the decision of the ICA is appropriate. *See* W. Va. R. App. P. 21(c).

The petitioner and the respondent are divorced. The petitioner has worked as a financial analyst and realtor, and the respondent is a licensed attorney in West Virginia. The petitioner asserts that at the time of the parties' separation and divorce, the respondent held an ownership interest in an established law firm where he was employed and a member. In October 2021, the petitioner filed a self-represented divorce petition and financial disclosure, listing the respondent's law firm as a marital asset. Importantly, the petitioner failed to attribute a specific value to this asset. The respondent filed an answer to the petition, but did not file a financial disclosure.

At a January 13, 2022, final divorce hearing, the parties advised the court they had reached a resolution, presented a proposed settlement agreement, and represented that they were satisfied with the terms of the settlement agreement. By final order dated February 8, 2022, the family court granted the parties' divorce and incorporated in that order the parties' executed settlement agreement. The settlement agreement included, among other things, a general reference to the respondent's interest in the law firm.

---

[1] The petitioner is represented by counsel Jennifer D. Ransbottom and the respondent is represented by counsel Amy C. Crossan. We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. Proc. 40(e).

The respondent later filed a petition requesting a reduction in child support. Through this filing, the petitioner asserts she became aware, for the first time, that the respondent had severed ties with the law firm. On July 15, 2022, the petitioner filed her motion for reconsideration pursuant to West Virginia Code § 51-2A-10(a)(5) (2001),[2] based on the respondent's failure to file a financial disclosure in the divorce proceedings and the unknown value of his membership interest in the law firm. In her motion, the petitioner asserted the family court did not consider the respondent's interest in the law firm and was unable to assess the fairness and reasonableness of the settlement agreement due to the lack of a full financial disclosure.[3]

By order entered October 6, 2022, the family court denied the motion for reconsideration, reasoning, among other things, that it may accept the party's financial disclosures as accurate pursuant to West Virginia Code § 48-7-206;[4] the petitioner knew or reasonably should have known that her husband may have had an interest in the law firm; the petitioner, if she desired, could have pursued her husband's interest in the law firm but elected not to do so; and the petitioner was not an unsophisticated litigant. Moreover, the court determined that there was no evidence to suggest the settlement agreement was obtained by fraud, duress, or other unconscionable conduct. Ultimately, the court concluded it could not find the settlement agreement to be so inequitable as to defeat its purpose.

The petitioner appealed the family court's order to the ICA. The ICA determined the record supported the family court's findings and conclusions as to the denial of the motion and, accordingly, affirmed the October 6, 2022, order of the family court. The petitioner now appeals

---

[2] West Virginia Code § 51-2A-10(a) provides:

> Any party may file a motion for reconsideration of a temporary or final order of the family court for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been available at the time the matter was submitted to the court for decision; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) clerical or other technical deficiencies contained in the order; or (5) any other reason justifying relief from the operation of the order.

[3] On appeal, the petitioner also asserts that, at the time of the parties' separation and divorce, the respondent held an ownership interest in a limited liability company that owns a business condominium, which is leased to the law firm. She argues that this interest should be considered in conjunction with the interest in the law firm. Based on our review of the record on appeal, the petitioner did not raise this issue in the July 15, 2022, motion that was denied by the family court's order that is on appeal. Rather, she raised the issue in an October 21, 2022, motion that, when this appeal was filed, remained pending before the family court. Therefore, the issue of the limited liability company is not properly before this Court and we do not address it.

[4] West Virginia Code § 48-7-206(1) provides, in part, that "[u]pon the failure by either party timely to file a complete disclosure . . . the court may accept the statement of the other party as accurate."

from the ICA's memorandum decision. Our standard of review is set forth in Syllabus Point 3 of *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024):

> On appeal of a final order of a family court from the Intermediate Court of Appeals of West Virginia, the Supreme Court of Appeals of West Virginia shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Supreme Court of Appeals shall review questions of law de novo.

The petitioner argues that the family court erred by approving the parties' settlement agreement without requiring the respondent to file a financial disclosure and by not setting aside the settlement agreement after she notified the family court that insufficient financial information was presented, thereby preventing that court from assessing the fairness of the settlement agreement. We find no error.

A review of the record on appeal and the briefs reveals that both parties (1) consulted with experienced legal counsel during the course of the divorce proceedings; (2) participated in the final hearing; (3) acknowledged their apparent agreement with the terms of the settlement agreement that was presented to the family court at the final hearing; and (4) voluntarily executed the settlement agreement subsequent to the final hearing. Importantly, with full knowledge that the respondent had not filed a financial disclosure, the petitioner proceeded with the final hearing and the execution of the settlement agreement. In denying the petitioner's motion for reconsideration, the family court properly relied on West Virginia Code § 48-7-206 and established principles of equity to determine that there was no basis to reconsider the final divorce order.

Accordingly, we find that the ICA did not err in affirming the family court's order denying the motion for reconsideration. We, therefore, affirm the decision of the ICA.

Affirmed.

**ISSUED:** June 27, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn

**DISSENTING:**

Justice Charles S. Trump IV

Trump, Justice, dissenting:

3

At the time Petitioner Anne Y. and Respondent Daniel Y. divorced, respondent owned interests in 1) the law firm bearing his name and 2) a real estate company owning the real property where the law firm operated. These interests were marital property subject to equitable distribution between the parties. However, respondent failed to file a financial disclosure statement (despite the statutory requirement that he do so), and so the respective values of these significant marital assets were neither disclosed to, nor considered by, the family court before the court adopted the parties' agreement that awarded these assets, in their entirety, to respondent. I believe this Court should have remanded the case to the family court and directed the family court to order respondent to file a complete and accurate financial statement disclosing the value of all assets, as required by law. Accordingly, I respectfully dissent to the majority's decision in this case.

West Virginia Code § 48-7-201 provides, in pertinent part, that, "[i]n all divorce actions . . . , all parties shall fully disclose their assets and liabilities within forty days after the service of summons or at such earlier time as ordered by the court." Indeed, it is well established that this statute "requires a full disclosure of one spouse's financial assets to the other spouse at the time of divorce, and contemplates a meaningful hearing on the subject of equitable distribution of property at which the spouse submitting financial data may be cross-examined concerning the nature, origin and amount of assets." Syl. Pt. 6, in part, *State ex rel. St. Clair v. Howard*, 244 W. Va. 679, 856 S.E.2d 638 (2021) (internal citations omitted).

Ultimately, West Virginia Code § 48-6-201(a) requires the family court to determine whether the parties' separation agreement "is fair and reasonable, and not obtained by fraud, duress or other unconscionable conduct by one of the parties[.]" *See* W. Va. Code § 48-7-102, in part (requiring that, in divorce actions "*where the parties . . . have executed a separation agreement*, . . . the court shall divide the marital property in accordance with the terms of the agreement , *unless the court finds:* (1) That the agreement was obtained by fraud, duress or other unconscionable conduct by one of the parties; or . . . (3) That the agreement, viewed in the context of the actual contributions of the respective parties to the net value of the marital property of the parties, is so inequitable as to defeat the purpose of this section, and such agreement was inequitable at the time the same was executed." (Emphasis added)).

It is undisputed that respondent, an experienced practicing attorney, did not comply with West Virginia Code § 48-7-201's requirement that he fully disclose his financial assets—including delineating the value of his interests in the law firm and the real estate company. For reasons that are unclear from the record, the family court did not acknowledge, or otherwise inquire about, respondent's failure to comply with this statutory requirement. For her part, petitioner listed the law firm as marital property on the financial disclosure she filed but, critically, she denoted its value with only a question mark. However, the family court failed to question either party about "the nature, origin and amount of" this marital asset,[1] and further failed to inquire of petitioner, who appeared self-represented, whether she wished to enter into the separation agreement despite the fact that 1) the law firm had not been assessed a specific value and 2) respondent had not filed

---

[1] *St. Clair*, 244 W. Va. at 683, 856 S.E.2d at 642, at syl. pt. 6, in part.

the required financial disclosure delineating the value of his interests in either the law firm, the real estate company,[2] or any other assets.

The consequence of the respondent's failure to disclose his financial assets (and liabilities) was that the family court was without the necessary (and required) information to determine whether the separation agreement was, in fact, "fair and reasonable, and not obtained by fraud, duress or other unconscionable conduct by" respondent, W. Va. Code § 48-6-201(a), or "was inequitable at the time the same was executed."[3] W. Va. Code § 48-7-102. *See St. Clair*, 244 W. Va. at 694, 856 S.E.2d at 653 ("[T]he existence of a settlement agreement does not excuse the parties from this statutory obligation because only upon full disclosure of financial information can the circuit court fulfill its duty 'to determine whether the separation agreement was fair and reasonable[.]'" (quoting *Preece v. Preece*, 195 W. Va. 460, 465, 465 S.E.2d 917, 922 (1995)).

For the reasons stated above, I would vacate the family court's final order to the extent that it makes or approves equitable distribution of the parties' marital estate, and I would remand the case to the family court directing the family court to require respondent to file with that court and serve upon the petitioner a full financial disclosure as plainly required by statute. I would further direct the family court to then conduct such additional proceedings as may be necessary for the family court to be able to discharge its duty to determine whether the agreement is a fair and reasonable division of the marital assets and liabilities, and that it was not obtained by fraud, duress or other unconscionable conduct. Accordingly, I respectfully dissent.

---

[2] Notably, petitioner did not list respondent's interest in the real estate company on her financial disclosure—begging the question as to whether she was even aware that it was an entity separate and apart from the law firm that should have been valued for equitable distribution purposes.

[3] The record before this Court shows that no agreement had been executed by the parties at the time of their divorce hearing. While the parties apparently had an unsigned working draft of an agreement at the time of their final hearing, it was only after the final hearing that a signed copy of an agreement was submitted to the family court.